

# THE ATTORNEY GENERAL

# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN 11, TEXAS

October 4, 1951

Hon. Cecil E. Burney, President
State Bar of Texas
Corpus Christi, Texas

Opinion No. V-1299

Re: Exemption from ad valo-
rem taxes of proposed
permanent headquarters
of the State Bar of Texas.

Dear Sir:

We quote the following excerpt from your request of September 24, 1951:

"The State Bar of Texas is in the process of acquiring a site for the erection of permanent head-quarters for the organization in Austin. It is necessary that we obtain from you an opinion concerning the liability of the State Bar for ad valorem taxes on this property."

Section 2 of Article 320a-1, V.C.S., the State Bar Act, reads as follows:

"Sec. 2. There is hereby created the State Bar, which is hereby constituted an administrative agency of the Judicial Department of the State, with power to contract with relation to its own affairs and which may sue and be sued and have such other powers as are reasonably necessary to carry out the purposes of this Act."

In Attorney General's Opinion O-2784 (1940), this office held that the State Bar was exempt from Federal Employment Taxes with respect to services performed by persons employed and paid by it under the State Bar Act and the rules of the Supreme Court issued under such Act. We quote the following excerpt from Opinion O-2784:

"In our opinion, the State Bar of Texas is an instrumentality of the State of Texas and is wholly owned by the State, within the provisions of the Internal Revenue Code quoted above. [26 U.S.C.A., Secs. 1426(b)(7) and 1607(c)(7), excepting from taxes "service performed in the employ of a State, or any political subdivision

thereof, or any instrumentality of any one or more of the foregoing which is wholly owned by one or more States or political subdivisions; . . ."] The regulation and discipline of lawyers and the formation and administration of an integrated bar are properly within the functions of the judicial branch of the government of the State. Compare In re Integration of State Bar of Oklahoma, 185 Okla. 505, 95 P.2d 113; In re Integration of Nebraska State Bar Association, 133 Neb. 283, 275 N.W. 265; In re Edwards, 45 Idaho 676, 266 Pac. 665; State Bar of California v. Superior Court, 207 Cal. 323, 278 Pac. 432; In re Gibson, 35 N.M. 550, 4 P.2d 643.

"The State Bar of Texas is designed solely for the purpose of carrying out these functions. The fees which are paid by the lawyers under the requirements of the statutes and the rules of the Supreme Court are used under the direction of the Supreme Court for the purpose of carrying out the provisions of the State Bar Act and for no other purpose. No private person has any interest whatever in the State Bar or its funds."

Attorney General's Opinion V-480 (1948), in holding that employees of the State Bar of Texas were eligible to be members of the Texas Employees Retirement System, again recognized the State Bar as an agency of the Judicial Department of the State.

Article XI, Section 9, of the Constitution of the State of Texas reads, in part, as follows:

"The property of counties, cities and towns, owned and held only for public purposes, such as public buildings and the sites therefor. [sic] Fire engines and the furniture thereof, and all property used, or intended for extinguishing fires, public grounds and all other property devoted exclusively to the use and benefit of the public shall be exempt from forced sale and from taxation, . . ."

The above quoted constitutional provision is self-operative. A. & M. Consol. Independent School Dist. v. City of Bryan, 143 Tex. 348, 184 S.W.2d 914 (1945).

The State Bar of Texas, as an agency of the Judicial Department of our State government. is a governmental agency. Its functions being governmental in nature, its purposes are, perforce, public purposes; and its property is therefore "public property devoted exclusively to public use and is exempt from taxation under

Art. XI, Sec. 9, of the Constitution; . . .". Lower Colorado River Authority v. Chemical Bank & Trust Co., 144 Tex. 326, 190 S.W. 2d 48 (1945). You are accordingly advised that the proposed permanent headquarters would be exempt from taxation.

### SUMMARY

The State Bar of Texas is a governmental agency of the State, and property acquired by it as a site for a permanent headquarters becomes public property devoted exclusively to public use and is exempt from taxation under Article XI, Section 9, of the Constitution of Texas. Lower Colorado River Authority v. Chemical Bank & Trust Co., 144 Tex. 326, 190 S.W.2d 48 (1945).

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

By _Marietta McGregor Creel_

Mrs. Marietta McGregor Creel
Assistant

W. V. Geppert
Taxation Division

Charles D. Mathews
First Assistant

Price Daniel
Attorney General

MMC/mwb